POPPLETON *v.* POPPLETON.

GIFTS—EVIDENCE—SUFFICIENCY.

On a bill for an accounting for the principal and income of certain real-estate mortgages, claimed by plaintiff as a gift from her mother, evidence considered, and *held,* sufficient to establish the gift.

Appeal from Oakland; Smith, J. Submitted February 2, 1906. (Docket No. 98.) Decided March 5, 1906.

Bill by Ella Poppleton against Edgar C. Poppleton for an accounting. From a decree dismissing the bill, complainant appeals. Reversed, and decree entered for complainant.

*Van Zile & Brownson,* for complainant.

*Patterson & Patterson,* for defendant.

MOORE, J. The complainant seeks an accounting from the defendant for the principal and income from certain real-estate mortgages. The ownership of these mortgages prior to September 6, 1893, was in Sarah Poppleton, the mother of complainant. The complainant claims that on September 6, 1893, her mother transferred to her by written assignments, as a gift, six real-estate mortgages, representing $5,000 in value; that complainant delivered them to the defendant as her agent, with instructions to collect the interest therefrom and to redeliver the same to her when called for; and that he refuses to do so.

The defendant claims Sarah Poppleton did not intend to transfer absolutely the principal of a fund to complainant, but only the income therefrom during her natural life; that instead of an absolute gift to complainant on September 6, 1893, of the mortgages representing such a fund,

Sarah Poppleton created by parol a trust by which the complainant was to receive the annual income from $5,000, to be selected from securities belonging to Sarah Poppleton, for life, and upon complainant's death the principal of the fund was to be divided between Edgar C. Poppleton and Herbert A. Poppleton, two brothers of complainant.

The prayer of the bill of complaint is for an accounting, and that defendant be decreed to deliver to complainant the mortgages, notes, assignments of mortgages, securities for money, and other papers which represent the real transaction. The circuit judge rendered a decree in favor of defendant. The case is brought here by appeal.

The question involved is one of fact. The oral testimony is very contradictory. The complainant testifies positively to the agreement, and that assignments were made to carry it into effect. Her testimony is corroborated by Mary Poppleton, the divorced wife of defendant. Their testimony is contradicted by defendant, by his mother, who was 90 years old when she was sworn and whose testimony indicates her memory is defective, and by the testimony of the brother, Herbert, who will profit if the contention of defendant is sustained, and who wrote a letter in June, 1900, which is inconsistent with his present version of the transaction. Did the case depend upon the oral testimony, we might well hesitate to disturb the conclusion reached by the trial judge. There are, however, a number of writings to which we attach great significance. There appears in the case a paper in the handwriting of the defendant reading as follows:

| | | |
|---|---|---|
| Milo Ware | $500—8 | |
| George Predmore | 1,526—8 | |
| Wm. T. Armstrong | 300—8 | |
| Schuyler, R. S. | 1,000—7 | |
| Bell, J. A. | 1,200—7 | semi |
| O. T. Jenks. | 475—7 | " |

$5,001

| | |
|---|---|
| Wheeler | $500—8 |
| Niles | 850—7½ |
| Tanner | 250—8 |
| Hagerty | 600—7½ |
| Brown | 800—7½ |
| Adair | 250—8 |
| Atwell | 340—8 |
| Freiberger | 800—7½ |
| Greenleaf | 400—8 |
| Bogert | 225—8 |
| | $5,015 |

The complainant says this paper was delivered to her by her brother at the time of the transaction, with a statement from him that the first six mortgages belonged to her and the others to him.    She also testified all were assigned so as to accomplish those objects.    There also appears in the record an assignment by the mother to the complainant of the Milo Ware mortgage, the acknowledgment of which was taken before the defendant as notary public, dated as of September 6, 1893.    The witnesses to this assignment are the defendant and Mary B. Poppleton, now divorced from him.    Later the defendant caused this mortgage to be foreclosed in the name of the complainant. It was bid off in her name, and a sheriff's deed made to her.    For a series of years thereafter defendant paid the taxes upon the farm, and each year charged the amount thereof to the complainant.    June 30, 1894, defendant prepared a paper, the first line of which reads, "List of securities belonging to Ella Poppleton," in which it is stated, "1st lot rc'd here," and then follows a list of ten mortgages and two items of bank credits, aggregating nearly $8,000; then follows a second list, aggregating upwards of $16,000; then securities amounting to about $15,000.    This is followed by the following:

Added by mother Sept. '93:

| | | |
|---|---|---|
| Feb. 1, '92. Jenks Mtg., 7 % semi-an. | $475 | 00 |
| May 24, '92. Bell Mtg., 7 % semi-an. | 1,200 | 00 |
| 26, '90. Ware Mtg., 8% | 525 | 00 |
| Aug.14, '88. Armstrong Mtg., 8% | 300 | 00 |
| 27, '91. Schuyler, R. S., 7% | 1,000 | 00 |
| Oct. 26, '93. Predmore, 7½%, new Mtg. | 1,526 | 00 |

Later another list was prepared by him of substantially the same character. In the latter part of the year 1894 the correspondence shows complainant made some criticisms of defendant's management and began to withdraw her funds. His letters indicate he felt hurt by this action. It is quite significant that in a paper dated July 1, 1895, prepared by defendant, headed "List of Securities Belonging to Ella Poppleton," he calls the six mortgages in controversy "mother's list:" In a paper of later date, purporting to be an account between complainant and defendant, under the last date he uses the words, "The list with mother is," and then follows the list of the six mortgages. The papers in the case which were prepared by defendant before any differences arose between the parties are consistent with the version of the transaction given by complainant, and, unexplained, are utterly inconsistent with defendant's version. His explanation of how these papers came into existence in the form in which they now are does not satisfy us. We think the complainant fully established her case.

The decree of the court below is reversed, and one may be entered here in accord with this opinion. Complainant will recover costs of both courts.

McALVAY, BLAIR, OSTRANDER, and HOOKER, JJ., concurred.